IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Phyllis Tate, | ) | C/A No.: 3:16-2715-MBS-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Officer Colbert, Department of Public Safety; Lakisha Martin; and Beryl Lynette Myers,[1] | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Phyllis Tate ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Department of Public Safety Officer Colbert ("Colbert"), Lakisha Martin ("Martin"), and Beryl Lynette Myers ("Myers"), alleging a violation of her constitutional rights pursuant to 42 U.S.C. § 1983.[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to the Martin and Myers.[3]

---

[1] After receiving clarification from Plaintiff [ECF No. 33], the court construes the complaint as naming the parties listed in the caption. The Clerk of Court is instructed to edit the docket accordingly.

[2] Although Plaintiff references racial discrimination and disability discrimination claims, she provides no facts related to these claims.

[3] A separately-docketed order directs service of Plaintiff's claims against Colbert.

I. Factual and Procedural Background

Plaintiff filed this complaint on August 3, 2016, alleging she was falsely arrested on January 4, 2015, and charged with DUI. [ECF Nos. 1 at 5; 1-1 at 5, 9].[4] Plaintiff claims she was driving home when she heard a loud bang. [ECF No. 1-1 at 1]. Plaintiff alleges she called 911 and her insurance company. *Id.* Although another officer was the initial responding officer, Colbert was also on the scene of the accident. *Id*. at 2. Plaintiff alleges Colbert asked her to go to his vehicle. *Id.* at 2. Plaintiff states Colbert asked her if she had been drinking, and when she denied having been drinking, Colbert asked her to take a sobriety test. *Id.* Plaintiff contends she agreed to take the test, but alleges she told Colbert she had problems with her leg that would impact the sobriety test. *Id.* Plaintiff says Colbert asked her if she was on any medication, and she said she was not. *Id.* Plaintiff alleges Colbert then took her purse and removed her medication. *Id.* Plaintiff alleges she took the test, and Colbert put her in handcuffs and placed her in the front seat of the vehicle. *Id.* Plaintiff claims she then had a panic attack, activated her life alert, and an ambulance arrived and took her to the hospital. *Id.* at 2–3. Plaintiff states she had blood taken at the hospital and was then discharged. *Id.* Plaintiff was charged with DUI-1st, and Plaintiff states her case was dismissed on November 9, 2016. [ECF Nos. 1-1 at 11; 19 at 1]. Plaintiff seeks monetary damages. [ECF No. 1 at 5].

---

[4] On November 9, 2016, the Honorable Margaret B. Seymour, Senior United States District Judge, adopted the undersigned's recommendation that Plaintiff's complaint be summarily dismissed, without prejudice, for failure to prosecute. [ECF No. 16]. Plaintiff filed a motion to reopen her case, which the undersigned granted on October 17, 2017. [ECF Nos. 23, 24].

2

II. Discussion

   A. Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Martin and Myers. Instead, Plaintiff indicates Myers owned the vehicle that Martin was driving in the subject traffic incident. Accordingly, these defendants should be summarily dismissed from this action.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process as to Martin and Myers.

4

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 12, 2017                                      Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).