IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phyllis Tate, | ) |
|                           Plaintiff, | ) C/A No. 3:16-2715-MBS-SVH ) ) |
| vs. | ) ) **OPINION AND ORDER** |
| Officer Colbert, | ) ) |
|                           Defendant. | ) ) |

Plaintiff Phyllis Tate, proceeding pro se and in forma pauperis, filed the within action on August 3, 2016, alleging that Defendants Officer Colbert, Lakisha Martin, Beryl Lynette Myers, and Richland County Sheriff's Department violated her constitutional rights. See 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The Magistrate Judge twice directed Plaintiff to bring her case into proper form by completing a summons form listing each Defendant, as well as completing Forms USM-285 for each Defendant. On November 9, 2016, after Plaintiff failed to respond to the Magistrate Judge, the case was closed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. On April 13, 2017, Plaintiff moved to reopen the case. The court granted Plaintiff's motion on November 17, 2017. Plaintiff was cautioned to comply with all court orders and applicable deadlines. The case was again referred to the Magistrate Judge.

On November 15, 2017, Plaintiff voluntarily dismissed Defendant Richland County Sheriff's Department, and stated in her filing that she required warrants and summonses for Defendants Colbert, Martin, and Myers only. ECF No. 33. On December 13, 2017, the Magistrate Judge issued a Report and Recommendation in which she observed that the complaint contains no factual

allegations of constitutional wrongdoing or discriminatory actions attributable to Defendants Martin and Myers. Accordingly, the Magistrate Judge recommended that these Defendants be dismissed without prejudice. There being no objections, the court adopted the Report and Recommendation by order filed January 9, 2018. The matter was recommitted to the Magistrate Judge as to Officer Colbert only.

This matter now is before the court on motion to dismiss for failure to prosecute filed by Defendant Colbert on April 20, 2018. See Fed. R. Civ. P. 41(b). It appears Defendant Colbert attempted to serve Plaintiff with his answer, an amended answer, and interrogatories and requests for production via certified mail, but the envelopes containing his papers were returned marked "unclaimed." Defendant Colbert further notes that Plaintiff has not filed any pleadings or other documents since November 2017. By order filed April 20, 2018, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the dismissal procedures and the possible consequences if she failed to respond adequately. Plaintiff filed no response to Defendant Colbert's motion to dismiss. On May 24, 2018, the Magistrate Judge issued an order directing Plaintiff to advise the court whether she wished to continue with the case, and advising her that, if she failed to respond, the case was subject to dismissal with prejudice for failure to prosecute. Plaintiff filed no response. Accordingly, on June 11, 2018, the Magistrate Judge issued a Report and Recommendation in which she recommended the complaint be dismissed with prejudice for failure to prosecute. No party filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole

2

or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. The complaint is dismissed as to Defendant Colbert with prejudice for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 10, 2018